```
                IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF SOUTH CAROLINA
                         COLUMBIA DIVISION


UNITED STATES OF AMERICA        :
                                :
         vs.                    :
                                :
CHARLIE McCANTS, JR.            :
CHARLES ANTHONY SHANNON         :    3:12 - CR - 768
```

Arraignment in the above-captioned matter held Thursday, October 4, 2012, commencing at 2:32 p.m., before the Hon. Paige J. Gossett, in the United States Courthouse, 901 Richland Street, Columbia, South Carolina, 29201.

APPEARANCES:

        TOMMIE D. PEARSON, ESQUIRE, Office of the
        U.S. Attorney, 1441 Main St., Columbia,
        SC, appeared for the Government.

```
                 RECORDED BY KURT McKAUGHAN, ESR
           TRANSCRIBED BY DEBRA L. POTOCKI, RMR, RDR, CRR
          Official Court Reporter for the U.S. District Court
                           P.O. Box 835
                       Charleston, SC  29402
                          843/723-2208
```

1         THE COURT:  Good afternoon.  Mr. Pearson?

2         MR. PEARSON:  Yes, Your Honor.  At this time the

3  Government would call the United States of America versus

4  Charlie McCants, Junior, and Charles Anthony Shannon, on

5  Criminal No. 3:12-768.

6     Your Honor, we're here for first appearance, arraignment

7  and bond setting, although the Government will be moving for

8  detention.

9         THE COURT:  All right.  As I call your name, please

10 stand.  Charlie McCants, Junior.  Charles Anthony Shannon.

11 Each of you is making an initial appearance in the United

12 States District Court as the result of an indictment by

13 Federal Grand Jury.  The purpose of this proceeding today is

14 for me to inform you of the charges that have been brought

15 against you, and advise you of certain rights that you have.

16 Then the Court will take a plea of not guilty.

17    I'm going to ask you a series of questions designed to

18 protect your rights, to which you need only respond yes or no.

19 You have the right not to make any statement.  If you have

20 made a statement, you need not say any more.  If you start to

21 make a statement, you may stop at any time.  If you choose to

22 make a statement, it may be used against you.  I'll ask each

23 of you if you understand this right.  Mr. McCants?

24        DEFT. McCANTS:  Yes.

25        THE COURT:  Mr. Shannon?

1         DEFT. SHANNON:  Yes.
2         THE COURT:  Each of you has the right to retain a
3  lawyer to represent you.  If you can not afford a lawyer, you
4  have the right to ask the Court to appoint a lawyer for you at
5  no cost to you.  You have the right to have your lawyer
6  present at every critical stage of your case, including every
7  time you are questioned by the authorities and every time you
8  come to court.
9     I'll ask each of you if you understand this right.
10 Mr. McCants?
11        DEFT. McCANTS:  Yes.
12        THE COURT:  Mr. Shannon?
13        DEFT. SHANNON:  Yes.
14        THE COURT:  All right. At this time I'll ask -- I
15 understand that each of you have not requested appointed
16 counsel through the completion of the financial affidavit
17 establishing indigency, so I'll ask, is it your intention, Mr.
18 McCants, to hire an attorney to represent you with regard to
19 these charges?
20        DEFT. McCANTS:  Yes, as soon as I really take some
21 time and read through this, I'll make a decision.
22        THE COURT:  You're going to plan to retain counsel at
23 this time?
24        DEFT. McCANTS:  Yes.
25        THE COURT:  Is that also true for you, Mr. Shannon?

1              DEFT. SHANNON:  I just got it, I haven't had a chance
2     to really look at anything.  They just approached me when we
3     came in, so -- likewise.
4              THE COURT:  Okay.  So you may retain counsel; you
5     don't know at this point?
6              DEFT. SHANNON:  I mean, I haven't even read -- had an
7     opportunity to read through the indictment.  I don't know
8     what's -- I don't understand what's going on.
9              THE COURT:  Okay.  Well, I'm about to go over the
10    indictment with you, but before I do that, I was just trying
11    to figure out if I need to set a hearing regarding status of
12    counsel, if y'all are planning to hire a lawyer, or I can have
13    Pretrial Services assist you with the completion of a
14    financial affidavit, if you would like the Court to appoint a
15    lawyer for you.  But we can revisit that at the end of the
16    hearing, if you would prefer.
17       All right.  I'll ask each of you at this time if you have
18    received a copy of the indictment in this case.  Mr. McCants,
19    do you have a copy of it with you?
20             DEFT. McCANTS:  Is this it here?
21             THE COURT:  Does it say indictment on the first page?
22             DEFT. McCANTS:  Yes.
23             THE COURT:  Okay.  You have a copy of that.
24    Mr. Shannon, do you have a copy as well?
25             DEFT. SHANNON:  Yes.

1        THE COURT: All right. I'm going to review that with
2    you both at this time. This is a ten count indictment.
3        Mr. McCants, you are named in counts one, three, four,
4    five, six, seven, eight, nine and ten. Mr. Shannon, you are
5    named only in counts one and two.
6        In count one, the grand jury charges that on or about
7    October the 9th of 2009, in the District of South Carolina,
8    that each of you, with the intent to defraud, knowingly did
9    pass, utter, present and offer, and with like intent did
10   attempt to pass, utter, present and offer a false and
11   fictitious financial instrument purporting through scheme and
12   artifice to be an actual security and other financial
13   instrument issued under the authority of the United States,
14   and of an organization, in that you did pass and attempt to
15   pass to Sumter Chrysler Dodge an instrument with a face value
16   of $80,429 purporting to be issued by the Federal Reserve
17   system, in violation of Title 18 of the U.S. Code Sections 514
18   and 2.
19       In count two, the grand jury further charges -- this
20   pertains to you, Mr. Shannon, only -- that on or about January
21   the 6th of 2010, in the District of South Carolina, that you,
22   with the intent to defraud knowingly did pass, utter, present
23   and offer, and with like intent did attempt to pass, utter,
24   present and offer a false and fictitious instrument purporting
25   through scheme and artifice to be an actual security and other

1    financial instrument issued under the authority of the United
2    States and of an organization, in that you did pass and
3    attempt to pass to the Sumter County Court of General Sessions
4    an instrument with the face value of $1,008,000 purporting to
5    be an International Bill of Exchange, in violation of Title 18
6    of the U.S. Code Section 514.
7        In count three -- and in the remaining counts pertain only
8    to Mr. McCants -- in count three the grand jury further
9    charges that on or about February 25, 2011, in the District of
10   South Carolina, that you, Mr. McCants, with the intent to
11   defraud, knowingly did pass, utter, present and offer, and
12   with like intent did attempt to pass, utter, present and offer
13   a false and fictitious instrument purporting through scheme
14   and artifice to be an actual security or other financial
15   instrument issued under the authority of the United States and
16   of an organization, in that you did pass and attempt to pass
17   to Tidewater Equipment, an instrument with the face value of
18   $6200, purporting to be an International Bill of Exchange, in
19   violation of Title 18 of the U.S. Code Section 514.
20       In count four the grand jury charges that in or about
21   April of 2011, in the District of South Carolina, that you,
22   Mr. McCants, with intent to defraud, knowingly did pass,
23   utter, present and offer, and with like intent did attempt to
24   pass, utter, present and offer a false and fictitious
25   instrument purporting through scheme and artifice to be an

1     actual security and other financial instrument issued under
2     the authority of the United States and of an organization, in
3     that you did pass and attempt to pass to Pure Life
4     Chiropractic, an instrument with a face value of $300,000
5     purporting to be an International Bill of Exchange, in
6     violation of Title 18 of the U.S. Code Section 514.
7         In count five the grand jury charges that on or about
8     April the 10th of 2011 in the District of South Carolina, that
9     you, Mr. McCants, with intent to defraud, knowingly did pass,
10    utter, present and offer, and with like intent did attempt to
11    pass, utter, present and offer a false and fictitious
12    instrument purporting through scheme and artifice to be an
13    actual security and other financial instrument issued under
14    the authority of the United States and of an organization, and
15    that you did pass and attempt to pass to Tidewater Equipment
16    an instrument with the face value of $6200, purporting to be
17    an International Bill of Exchange, in violation of Title 18 of
18    the U.S. Code Section 514.
19        In count six the grand jury charges that on or about April
20    the 21st of 2011, in the District of South Carolina, that you,
21    Mr. McCants, with the intent to defraud, knowingly did pass,
22    utter, present and offer, and with like intent did attempt to
23    pass, utter, present and offer a false and fictitious
24    instrument purporting through scheme and artifice to be an
25    actual security and other financial instrument issued under

1   the authority of the United States and of an organization, in
2   that you did pass and attempt to pass to Tidewater Equipment
3   an instrument with a face value of $3,021,000, purporting to
4   be an International Bill of Exchange, in violation of Title 18
5   of the U.S. Code Section 514.
6       In count seven the grand jury further charges that on or
7   about April the 21st of 2011, in the District of South
8   Carolina, that you, Mr. McCants, with the intent to defraud,
9   knowingly did pass, utter, present and offer, and with like
10  intent did attempt to pass, utter, present and offer a false
11  and fictitious instrument purporting through scheme and
12  artifice to be an actual security and other financial
13  instrument issued under the authority of the United States and
14  of an organization, in that you did deposit and attempt to
15  deposit into the account of St. Charles Timber and Clearing
16  with Bank of America, an instrument with a face value of
17  $850,000, purporting to be an International Bill of Exchange,
18  in violation of Title 18 of the U.S. Code Section 514.
19      In count eight the grand jury further charges that on or
20  about April the 21st of 2011 in the District of South
21  Carolina, that you, Mr. McCants, with the intent to defraud,
22  knowingly did pass, utter, present and offer, and with like
23  intent did attempt to pass, utter, present and offer a false
24  and fictitious instrument, purporting through scheme and
25  artifice to be an actual security and other financial

1  instrument issued under the authority of the United States and
2  of an organization, in that you did pass and attempt to pass
3  to Lee Empowerment LLC, an instrument with a face value of
4  $82,128, purporting to be an International Bill of Exchange,
5  in violation of Title 18 of the U.S. Code Section 514.
6       In count nine the grand jury further charges that on or
7  about May the 2nd, 2011, in the District of South Carolina,
8  that you, Mr. McCants, with intent to defraud, knowingly did
9  pass, utter, present and offer, and with like intent did
10 attempt to pass, utter, present and offer a false and
11 fictitious instrument, purporting through scheme and artifice
12 to be an actual security and other financial instrument issued
13 under the authority of the United States and of an
14 organization, in that you did pass and attempt to pass an
15 instrument with a face value of $1,100,000 made out to Pure
16 Life Chiropractic, purporting to be an International Bill of
17 Exchange, in violation of Title 18 of the U.S. Code Section
18 514.
19      In count ten the grand jury further charges that on or
20 about May the 18th of 2012, in the District of South Carolina,
21 that you, Mr. McCants, with intent to defraud, knowingly did
22 pass, utter, present and offer, and with like intent did
23 attempt to pass, utter, present and offer a false and
24 fictitious instrument purporting through scheme and artifice
25 to be an actual security and other financial instrument issued

1   under the authority of the United States and of an
2   organization, in that you did pass and attempt to pass an
3   instrument with the face value of $2 million, made out to PNC
4   Bank, purporting to be a Certified Tender of Payment, in
5   violation of Title 18 of the U.S. Code Section 514.
6       All right.  I'll ask each of you at this time if you
7   understand the charges that have been brought against you.
8       Mr. McCants?
9           DEFT. McCANTS:  Yes.
10          THE COURT:  Mr. Shannon?
11          DEFT. SHANNON:  I'm trying to comprehend still.  I
12  comprehend what you're saying.
13          THE COURT:  All right, I'm not asking if you agree
14  with the charges, I'm simply asking if you understand that you
15  have been charged with two counts of passing fake financial
16  instruments.  Do you understand that?
17          DEFT. SHANNON:  Yes, I hear what you're saying.
18          THE COURT:  Okay.  All right.  The potential
19  penalties that could apply to you, if you were to be convicted
20  of these charges, for each count there is a maximum fine of
21  $250,000 and/or imprisonment for 25 years, a term of
22  supervised release of not more than five years, plus a special
23  assessment of $100.
24      Mr. McCants, do you understand those penalties that could
25  apply to you if you were to be convicted?

```
 1                 DEFT. McCANTS:  Yes.
 2                 THE COURT:  Mr. Shannon?
 3                 DEFT. SHANNON:  Yes, I hear what you're saying.
 4                 THE COURT:  All right.  At this time I'll ask you
 5     each to sign a plea of not guilty.
 6                 DEFT. SHANNON:  Your Honor, may I ask a question?
 7                 THE COURT:  Certainly.
 8                 DEFT. SHANNON:  What does this mean?  Do you -- I
 9     accept and hold the law office to protect my rights, but I
10     don't know what this means.
11                 THE COURT:  All right.  The form that has been
12     provided to you for your signature is a form that indicates
13     that you are pleading not guilty to the charges in this
14     indictment that I just reviewed with you.  If you don't want
15     to sign that without talking to a lawyer, then I can just
16     direct the Clerk of Court to enter a not guilty plea on your
17     behalf today.  Would you prefer that?
18                 DEFT. SHANNON:  I think I need some counseling.  I
19     don't want to infringe upon the Court or, you know, in any way
20     possible, I just want to understand what I'm doing.
21                 THE COURT:  Okay.
22                 DEFT. SHANNON:  And why I'm doing it.
23                 THE COURT:  Okay.  I'll direct the clerk to enter a
24     not guilty plea on your behalf.
25                 DEFT. SHANNON:  And question, Your Honor.  By doing
```

1    so, do that impose anything upon my constitutional rights
2    pursuant to the Constitution, my God-given rights pursuant to
3    Constitution?
4              THE COURT:  You will not be penalized in any way from
5    the Court directing the clerk to enter a not guilty plea.  I
6    cannot accept any other plea today in any event.  So that will
7    be reflected in the case and on the docket that you are
8    pleading today not guilty to the charges.  All right?  The
9    whole purpose today is to preserve your constitutional rights
10   to know the charges that have been brought against you.  So I
11   have reviewed those charges with you.  And that's all we're
12   doing today is I'm informing you of the charges, and then I'm
13   going to have the clerk enter a plea indicating that you are
14   challenging the charges, that you are saying that you are not
15   guilty to the charges.  But if you decide you want to do
16   something different later, after you talk with your lawyer,
17   then you can certainly do so.  But all we're doing today is an
18   arraignment with a not guilty plea.  Okay?  Do you have any
19   other questions?
20             DEFT. SHANNON:  Lots of questions I have.
21             THE COURT:  All right.  Well, and that is why I would
22   encourage you to get a lawyer, if you're planning to retain
23   one, just as soon as can you.  Because things will move very
24   quickly in Federal Court, starting today with the arraignment
25   and entering of the plea, there are certain time limits that

1   have to be met, and so the case will move very quickly.  And
2   you'll need to make arrangements with a lawyer, if you're
3   going to hire one, just as soon as you can.  Alternatively,
4   you could certainly meet with a representative here from
5   Pretrial Services.  That's an organization that works for the
6   Court.  And you can fill out a financial affidavit, and then
7   they will submit that on your behalf to the Court, and I'll
8   review that to see if you qualify for a free lawyer, appointed
9   lawyer.  And that's an option for you as well.
10      All right.  At this time the Court, having directed the
11  clerk to enter a plea of not guilty, I don't think we need to
12  publish, so I will move on.
13      There is not a District Judge assignment on this case yet.
14  The deadline for filing any motions with regard to the
15  indictment will be October the 24th of 2012.  I would further
16  advise you both that because you have been charged by way of
17  an indictment, you do not have the right to a preliminary
18  hearing with regard to these charges.  The return of the
19  indictment by the grand jury establishes probable cause as a
20  matter of law.
21      All right.  Mr. Pearson, you said the Government was
22  moving for detention?
23          MR. PEARSON:  Yes, Your Honor, based on the evidence
24  in the case and a review of the prior records of the
25  defendants, we have made a determination that there is a

1   significant chance that these two defendants do not accept the
2   authority of the Court to order them to show up for the next
3   court hearing, and thus, we feel that they are a risk of
4   flight and will be moving for detention.
5           THE COURT:  All right, thank you.
6      Gentlemen, the Government has made a motion that you both
7   be held in custody pending your trial on these charges.
8   That's a very important hearing, and you'll want to have a
9   lawyer present for that.  So I can set that hearing for next
10  week.  And you will need to make arrangements to either retain
11  counsel or apply for appointed counsel as soon as possible, so
12  you can be represented at that very important hearing.
13     Mr. McCants, do you understand?  Would you like the Court
14  to schedule that hearing for next week when you can have a
15  lawyer present?
16          DEFT. McCANTS:  I have a question before I answer
17  that.
18          THE COURT:  Okay.
19          DEFT. McCANTS:  I signed that only -- Yes, ma'am.
20          THE COURT:  You signed the not guilty plea?
21          DEFT. McCANTS:  Yeah, I'm saying, but I'm -- I know I
22  signed that, and there's no attorney here.
23          THE COURT:  Did you want to sign your plea of not
24  guilty?
25          DEFT. McCANTS:  Well, no, I have a question, is what

1   I'm saying is that after consulting with counsel, can I still,
2   if I change my mind, enter (inaudible.)
3              THE COURT:  You can, but I've already directed the
4   clerk to enter a plea of not guilty, so the plea right now is
5   not guilty.  Do you understand that?  I've done that for you
6   essentially.
7              DEFT. McCANTS:  No problem.
8              THE COURT:  Okay?  All right.  So is it okay with
9   you, Mr. McCants, if we schedule that hearing for next week,
10  regarding whether or not you should be held in custody while
11  you're awaiting your trial date?
12             DEFT. McCANTS:  Yes, that's fine with me.
13             THE COURT:  Mr. Shannon?
14             DEFT. SHANNON:  I have a question.
15             THE COURT:  Okay.
16             DEFT. SHANNON:  He says that the Government moves for
17  us to be held in custody until trial.
18             THE COURT:  That's right.
19             DEFT. SHANNON:  I'm not a flight risk.  I'm a secured
20  party in the State of South Carolina, I maintain my residence,
21  I have been to every court appointed time any place that I've
22  been called to.  Not a flight risk.
23        Also, I have a bond paperwork on file with, you know,
24  counties in South Carolina and the Secretary of State as a
25  secured party.

1  I move that the Court does not -- do not detain me.  And
2  furthermore, in view -- in light of the charges, I need to
3  have freedom so that I can defend myself in this case amply.
4      THE COURT:  Okay.  And I understand all the points
5  that you're trying to make.  That is exactly the kind of thing
6  that the Court will take up at the detention hearing.  And the
7  Government will have the right to present evidence that they
8  think that you are a flight risk, and you will have the
9  opportunity to present your side that you are not.  But we
10 will need to set that for next week when we can have a lawyer
11 present for you.
12     DEFT. SHANNON:  Okay.  Can I have a lawyer present
13 today?
14     THE COURT:  If you either hire one, or you can apply
15 to have one appointed.
16     DEFT. SHANNON:  I apply to have one appointed so we
17 can take care of that matter.
18     THE COURT:  Okay.  And are you saying you want it
19 because -- you want to do that so you can have a detention
20 hearing today?
21     DEFT. SHANNON:  Yes.  I don't want to be detained, I
22 want to be -- have an opportunity to bond.
23     THE COURT:  Okay.  Mr. Pearson --
24     DEFT. SHANNON:  Released on my personal recognizance,
25 because I will appear in court on any given date and time.

1              THE COURT:  Okay.  Hold on just one second, let me
2   ask the Government, are y'all prepared to proceed on the
3   detention hearing today?
4              MR. PEARSON:  One moment, Your Honor.
5              THE COURT:  Okay.
6              MR. PEARSON:  Your Honor, based on speaking with the
7   agent in the case, I believe we may need to call some
8   additional witnesses, and we would ask for three days.
9              THE COURT:  Okay.  All right, sir, the Government,
10  under the law, has the right to have a continuance of up to
11  three days for the Court to schedule that detention hearing.
12  So I am required to give them that time to prepare for the
13  hearing.  So I will -- I understand that you want it held as
14  soon as possible, so I will schedule that for -- let's see,
15  today is Thursday, October the 4th -- that hearing will be
16  held on Tuesday, October the 9th at 2:30, for both Mr. McCants
17  and Mr. Shannon.
18     All right.  Is there anything further from the Government
19  on this case?
20             MR. PEARSON:  No, Your Honor.
21             THE COURT:  Thank you very much.  We'll reconvene
22  Tuesday at 2:30 for a detention hearing.
23             MR. PEARSON:  Thank you.  Judge, I think he wants to
24  fill this out and take a look at it and swear him to it?
25             THE COURT:  You can just -- if the marshals will let

1  them stay and fill out the financial affidavits with Pretrial
2  Services, then they'll make sure that those financial
3  affidavits are presented to me, I'll make a decision about
4  whether you qualify, and if you do, I will appoint lawyers for
5  you.  If not, then we'll take up again on Tuesday.  All right?
6
7       (Court adjourned at 2:59 p.m.)

```
 1                    REPORTER'S CERTIFICATION
 2
 3          I, Debra L. Potocki, RMR, RDR, CRR, Official Court
 4   Reporter for the United States District Court for the District
 5   of South Carolina, hereby certify that the foregoing is a true
 6   and correct transcript of the electronically recorded above
 7   proceedings, to the best of my ability.
 8
 9
10
     S/Debra L. Potocki
11   _____
12   Debra L. Potocki, RMR, RDR, CRR
13
14
15
16
17
18
19
20
21
22
23
24
25
```