IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL NO. 3:12-768 |
| v. | ) | |
| | ) | JURY INSTRUCTIONS |
| CHARLIE MCCANTS JR. | ) | |
| CHARLES ANTHONY SHANNON | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

<u>Duties of Jury to Find Facts and Follow Law</u>

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case. These instructions will be in three parts; first, the instructions on general rules that define and control the jury's duties; second, the instructions that state the rules of law you must apply, i.e., what the government must prove to make the case; and third, some rules for your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow that law whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudice or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

You have heard testimony and evidence that has been admitted regarding certain beliefs and understandings of the defendants as to the law. I again remind you that the law is given to you by me and you should not consider the testimony and evidence produced by the defendants as instructions on the law. That is my role in these proceedings.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return–that is a matter entirely for you to decide.

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, a defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all.

1

## Burden of Proof

The government has the burden of proving that each defendant is guilty beyond a reasonable doubt. And if it fails to prove a defendant is guilty, you must find the defendant not guilty. While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any reasonable doubt concerning the defendant's guilt.

Although the defendants have been indicted, you must remember that an indictment is only an accusation. It is not evidence. The defendants have pleaded not guilty to that indictment. As a result of the defendants' pleas of not guilty, the burden is on the government to prove guilt beyond a reasonable doubt. It is never the burden of a defendant to prove himself innocent. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

The law presumes the defendants to be innocent of the charges against then. I therefore instruct you that each defendant is to be presumed by you to be innocent at this time and throughout your deliberations unless you, as a jury, are satisfied that the government has proven his guilt beyond a reasonable doubt.

Each defendant began the trial here with a clean slate and a presumption of innocence which remains with each of them now even as I instruct you, and will continue with each of them into your deliberations unless you are convinced that the government has proven his or their guilt beyond a reasonable doubt. If the government has failed to carry this burden, it would be your duty, under the oath that you took at the beginning of this case, to find the defendant or defendants not guilty.

## Evidence Generally

The evidence from which you are to decide what the facts are consists of:

1.  the sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness;

2.  the exhibits that have been received into evidence.

During the trial, items were received into evidence as exhibits. The exhibits will be sent into the jury room with you when you begin to deliberate. Examine the exhibits if you think it would help you in your deliberations.

Recall that I instructed you during the trial that certain evidence submitted by the defendants was admitted for the purpose of showing the basis of their beliefs. You should not consider this evidence for any other purpose.

## Direct and Circumstantial Evidence

There are two kinds of evidence; direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

It is for you to decide whether a fact has been proved by circumstantial evidence. In making that decision, you must consider all the evidence in the light of reason, common sense, and experience.

Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection was sustained, you should disregard the question of the attorney. If the objection was overruled, treat the answer as any other.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, if testimony or exhibits have been received only for a limited purpose, you must follow the limiting instructions I have given.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## Credibility of Witnesses

In deciding what the facts are, you must consider all the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. In making that decision, you may take into account a number of factors including the following:

1. Was the witness able to see, or hear, or know the things about which that witness

       testified?

2.     How well was the witness able to recall and describe those things?

3.     What was the witness's manner while testifying?

4.     Did the witness have an interest in the outcome of this case or any bias or prejudice concerning any party or any matter involved in the case?

5.     How reasonable was the witness's testimony considered in light of all the evidence in the case?

6.     Was the witness's testimony contradicted by what that witness has said or done at another time, or by the testimony of other witnesses, or by other evidence?

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. In deciding whether or not to believe a witness, keep in mind that people sometimes forget things. Therefore, you need to consider whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it. That is a determination entirely for you, the jury.

You have heard testimony that the defendants have prior convictions. Prior conviction of a crime is one of the circumstances which you may consider in determining the credibility of that witness. It is the sole and exclusive right of the jury to determine the weight to be given to any prior conviction as impeachment and the weight to be given to the testimony of anyone who previously has been convicted of a crime.

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the federal, state, or local government as a law enforcement official does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is your decision, after reviewing all the evidence, whether to accept the testimony of a law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference. Do not make any decisions based on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight

you think their testimony deserves. Concentrate on that, not the numbers.

As stated before, a defendant has a right not to testify. If a defendant does testify, however, you should decide in the same way as that of any other witness whether you believe his testimony.

### Juror Impartiality

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are to perform your final duty in an attitude of complete fairness and impartiality.

This case is important to the government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendants, who are charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any party to a litigation. By the same token, it is entitled to no less consideration. All parties, whether government or individuals, stand as equals at the bar of justice.

Under your oath as jurors you are not to be swayed by sympathy. You are to be guided solely by the evidence in this case, and the crucial question that you must ask yourselves as you sift through the evidence is: has the government proven the guilt of either or both the defendants beyond a reasonable doubt?

It is for you alone to decide whether the government has proven that each defendant is guilty of the crime charged solely on the basis of the evidence and subject to the law as I charge you. It must be clear to you that once you let fear or prejudice, or bias or sympathy, interfere with your thinking there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt, you should not hesitate for any reason to find a verdict of acquittal. But on the other hand, if you should find that the government has met its burden of proving a defendant's guilt beyond a reasonable doubt, you should not hesitate because of sympathy or any other reason to render a verdict of guilty.

The question of possible punishment of the defendants is of no concern to the jury and should not, in any sense, enter into or influence your deliberations. If a defendant in any case is found guilty, the duty of imposing a sentence rests exclusively upon the court. Your function is to weigh the evidence in the case and to determine whether or not the government has proved that the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence. Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the either of the defendants, if they are convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

Some of you have taken notes during the trial. Remember that the notes are for your own personal use. They are not to be given or read to anyone else and they are not to be used in place of your memory. If your memory should differ from your notes, you should rely upon your memory and not your notes. If you did not take notes, you should rely upon your own independent recollection or memory of what the testimony was; you should not be influenced by the notes of other jurors.

\* \* \*

With these preliminary instructions in mind, let us turn now to the specific charges against the defendants as contained in the indictment. I remind you that an indictment itself is not evidence. It merely describes the charge made against the defendant. It is an accusation. It must not be considered by you as any evidence of the guilt of the defendant. Previously I summarized the indictment for you. I will now read the entire indictment to you.

### COUNT 1

THE GRAND JURY CHARGES:

On or about October 9, 2009, in the District of South Carolina, **CHARLIE McCANTS JR.** and **CHARLES ANTHONY SHANNON**, with intent to defraud, knowingly did pass, utter, present, and offer, and with like intent did attempt to pass, utter, present, and offer a false and fictitious instrument purporting through scheme and artifice to be an actual security and other financial instrument issued under the authority of the United States and of an organization, in that they did pass and attempt to pass to Sumter Chrysler-Dodge an instrument with the face value of $80,429 purporting to be issued by the Federal Reserve System;

In violation of Title 18, United States Code, Sections 514 and 2.

### COUNT 2

THE GRAND JURY FURTHER CHARGES:

On or about January 6, 2010, in the District of South Carolina, **CHARLES ANTHONY SHANNON**, with intent to defraud, knowingly did pass, utter, present, and offer, and with like intent did attempt to pass, utter, present, and offer a false and fictitious instrument purporting through scheme and artifice to be an actual security and other financial instrument issued under the authority of the United States and of an organization, in that he did pass and attempt to pass to the Sumter County Court of General Sessions an instrument with the face value of $1,008,000 purporting to be an International Bill of Exchange;

In violation of Title 18, United States Code, Section 514.

## COUNT 3

THE GRAND JURY FURTHER CHARGES:

On or about February 25, 2011, in the District of South Carolina, **CHARLIE McCANTS JR.**, with intent to defraud, knowingly did pass, utter, present, and offer, and with like intent did attempt to pass, utter, present, and offer a false and fictitious instrument purporting through scheme and artifice to be an actual security and other financial instrument issued under the authority of the United States and of an organization, in that he did pass and attempt to pass to Tidewater Equipment an instrument with the face value of $6,200 purporting to be an International Bill of Exchange;

In violation of Title 18, United States Code, Section 514.

## COUNT 4

THE GRAND JURY FURTHER CHARGES:

In or about April 2011, in the District of South Carolina, **CHARLIE McCANTS JR.**, with intent to defraud, knowingly did pass, utter, present, and offer, and with like intent did attempt to pass, utter, present, and offer a false and fictitious instrument purporting through scheme and artifice to be an actual security and other financial instrument issued under the authority of the United States and of an organization, in that he did pass and attempt to pass to Pure Life Chiropractic, an instrument with the face value of $300,000 purporting to be an International Bill of Exchange;

In violation of Title 18, United States Code, Section 514.

## COUNT 5

THE GRAND JURY FURTHER CHARGES:

On or about April 10, 2011, in the District of South Carolina, **CHARLIE McCANTS JR.**, with intent to defraud, knowingly did pass, utter, present, and offer, and with like intent did attempt to pass, utter, present, and offer a false and fictitious instrument purporting through scheme and artifice to be an actual security and other financial instrument issued under the authority of the United States and of an organization, in that he did pass and attempt to pass to Tidewater Equipment an instrument with the face value of $6,200 purporting to be an International Bill of Exchange;

In violation of Title 18, United States Code, Section 514.

## COUNT 6

THE GRAND JURY FURTHER CHARGES:

On or about April 21, 2011, in the District of South Carolina, **CHARLIE McCANTS JR.**, with intent to defraud, knowingly did pass, utter, present, and offer, and with like intent did attempt to pass, utter, present, and offer a false and fictitious instrument purporting through scheme and artifice to be an actual security and other financial instrument issued under the authority of the United States and of an organization, in that he did pass and attempt to pass to Tidewater Equipment an instrument with the face value of $3,021,000 purporting to be an International Bill of Exchange;

In violation of Title 18, United States Code, Section 514.

## COUNT 7

THE GRAND JURY FURTHER CHARGES:

On or about April 21, 2011, in the District of South Carolina, **CHARLIE McCANTS JR.**, with intent to defraud, knowingly did pass, utter, present, and offer, and with like intent did attempt to pass, utter, present, and offer a false and fictitious instrument purporting through scheme and artifice to be an actual security and other financial instrument issued under the authority of the United States and of an organization, in that he did deposit and attempt to deposit into the account of St. Charles Timber & Clearing with Bank of America an instrument with the face value of $850,000 purporting to be an International Bill of Exchange;

In violation of Title 18, United States Code, Section 514.

## COUNT 8

THE GRAND JURY FURTHER CHARGES:

On or about April 21, 2011, in the District of South Carolina, **CHARLIE McCANTS JR.**, with intent to defraud, knowingly did pass, utter, present, and offer, and with like intent did attempt to pass, utter, present, and offer a false and fictitious instrument purporting through scheme and artifice to be an actual security and other financial instrument issued under the authority of the United States and of an organization, in that he did pass and attempt to pass to Lee Empowerment, LLC, an

instrument with the face value of $82,128 purporting to be an International Bill of Exchange;

In violation of Title 18, United States Code, Section 514.

## COUNT 9

THE GRAND JURY FURTHER CHARGES:

On or about May 2, 2011, in the District of South Carolina, **CHARLIE McCANTS JR.**, with intent to defraud, knowingly did pass, utter, present, and offer, and with like intent did attempt to pass, utter, present, and offer a false and fictitious instrument purporting through scheme and artifice to be an actual security and other financial instrument issued under the authority of the United States and of an organization, in that he did pass and attempt to pass an instrument with the face value of $1,100,000 made out to Pure Life Chiropractic purporting to be an International Bill of Exchange;

In violation of Title 18, United States Code, Section 514.

## COUNT 10

THE GRAND JURY FURTHER CHARGES:

On or about May 18, 2012, in the District of South Carolina, **CHARLIE McCANTS JR.**, with intent to defraud, knowingly did pass, utter, present, and offer, and with like intent did attempt to pass, utter, present, and offer a false and fictitious instrument purporting through scheme and artifice to be an actual security and other financial instrument issued under the authority of the United States and of an organization, in that he did pass and attempt to pass an instrument with the face value of $2,000,000 made out to PNC Bank purporting to be a Certified Tender of Payment;

In violation of Title 18, United States Code, Section 514.

For each of these counts, the government will be required to prove with respect to charging a violation of 18 U.S.C. § 514:

*One* – That the defendant or defendants named in each count, with intent to defraud;

*Two* – passed, uttered, presented, offered, brokered, issued, sold, or attempted or caused the same, or with like intent possessed within the United States; and

*Three* – a false or fictitious instrument, document, or other item appearing, representing, purporting, or contriving through scheme or artifice to be an actual security or other financial instrument issued under the authority of the United States.

To act with "intent to defraud" means to act with intent to cheat or deceive. It does not matter, however, whether anyone was in fact cheated or deceived.

"Intent" means that the government must prove beyond a reasonable doubt either that (1) it was the defendant's conscious desire or purpose to act in a certain way or to cause a certain result, or that (2) the defendant knew that he was acting in that way or would be practically certain to cause that result.

In deciding whether the defendant acted with intent, you may consider evidence about what the defendant said, what the defendant did and failed to do, how the defendant acted, and all the other facts and circumstances shown by the evidence that may prove what was in the defendant's mind at that time.

To "pass" or "to utter" means to spend, attempt to spend, or otherwise to place, or attempt to place, in circulation.

A "fictitious" obligation is one that appears to be "actual" in the sense that it bears a family resemblance to genuine financial instruments. The offending document must, in other words, include enough of the various hallmarks and indicia of financial obligations so as to appear to be within that class. The test is not whether the document is similar to any financial obligation in particular, but whether taken as a whole it is apparently a member of the family of actual financial instruments in general. No particular mark or characteristic is independently determinative such that its presence or absence alone could resolve the question whether a document purports to be a negotiable instrument. The question is whether the document serves as legal tender or shall be redeemable for something of value.

The term "security" includes: a note, stock certificate, treasury-stock certificate, bond, treasury bond, debenture, certificate of deposit, interest coupon, bill, check, draft, warrant, debit instrument, money order, traveler's check, letter of credit, warehouse receipt, negotiable bill of lading, evidence of indebtedness, certificate of interest in or participation in any profit-sharing agreement, collateral-trust certificate, certificate of interest in tangible or intangible property, instrument evidencing ownership of goods, wares, merchandise, and blank forms for any of the items meeting this definition.

In sum, if you find that the government has proven each of the elements listed above beyond a reasonable doubt as to a defendant, then you should find the defendant guilty. If the government has not proved each of these elements beyond a reasonable doubt as to a defendant, then you must find the defendant not guilty.

Count 1 also charges the defendants with aiding and abetting in violation of 18 U.S.C. § 2.

The aiding and abetting statute provides that whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the government to show that the defendant physically committed the crime with which he or she is charged in order for you to find that defendant guilty. A person who aids or abets another to commit an offense is just as guilty of that offense as if he or she committed it himself or herself. Accordingly, you may find the defendant guilty of the crimes charged in the indictment if you find beyond a reasonable doubt that the government has proved that another person actually committed the offense with which the defendant is charged, and that the defendant aided and abetted that person in the commission of the offense.

Aiding and abetting an offense consists of four elements:

1. the specific intent to facilitate the commission of a crime by another;
2. guilty knowledge on the part of the accused;
3. that an offense was being committed by someone; and
4. that the accused assisted or participated in the commission of the offense.

A person may be found guilty of aiding and abetting if, before or at the time the crime was committed, he or she knew the offense was being committed or was going to be committed; he or she knowingly acted to encourage, aid, or cause the offense; and he or she intended that the offense be committed.

First, you must find that another person has committed the crime charged in Count 1 of the indictment. Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that the crime was committed, then you must consider whether a defendant aided or abetted the commission of the crime.

Second, in order to aid or abet another to commit a crime, a defendant must willfully and knowingly associate himself or herself in some way with the crime, and must willfully and knowingly seek by some act to help make the crime succeed. Participation in a crime is willful if action is taken voluntarily and intentionally.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting. An aider and abettor must have some interest in the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which

he is charged, ask yourself these questions:

    Did he participate in the crime charged as something he wished to bring about?

    Did he associate himself with the criminal venture knowingly and willfully?

    Did he seek by his actions to make the venture succeed?

    If he did, then the defendant is an aider and abettor, and therefore guilty of the offense charged in Count 1.

    If, on the other hand, your answers to this series of questions are "no," then the defendant is not an aider and abettor, and you must find him not guilty.

    The charges set forth in each count in the indictment constitute a separate and distinct matter. You must consider each count and the evidence applicable to each count separately and you must state your finding as to each count uninfluenced by your verdict as to any other count. A defendant may be found guilty or not guilty of any one or all the offenses charged.

* * *

Duty to Deliberate

    The first item of business when you retire to the jury room is the election of the foreperson of the jury. As foreperson, you will preside over the deliberations and speak for the jury here in court.

    When you retire to the jury room, you should discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

    Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

    Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

    It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict. In other words, do not change your opinion solely for the sake of reaching a unanimous verdict.

## Return of Verdict

After you have reached unanimous agreement on your verdict, your foreperson will fill in the form that have been given to you, sign and date it and advise the marshal outside your door that you are ready to return to the courtroom.

## Communicating with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. Remember that you are not to tell anyone - including me - how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.